**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**JURY TRIAL DEMANDED**

| | |
|---|---|
| DEBRA STAGNER, individually and as Next Friend of of M.S., a minor   Plaintiff, vs. 4e BRANDS NORTHAMERICA, L.L.C. and SAM'S EAST, INC., dba SAM'S CLUB #6474   Defendants. | CAUSE NO._____ |

**COMPLAINT**

**COUNT I - STRICT LIABILITY- PRODUCT DEFECT/WRONGFUL DEATH**

For Plaintiff's individual cause of action, and as Next Friend of the minor M.S., and her behalf, and for Count I of this cause of action against Defendants, it is alleged as follows:

1. Defendant 4e Brands Northamerica L.L.C. is a manufacturer and wholesale distributor and seller of the hand sanitizer mentioned in this complaint and is a Florida L.L.C. with its principal place of business at 17806 IH-10W, Suite 300, San Antonia Texas, 7852, and is not an Illinois citizen. The members of the LLC are Juan Corlos

1

Gonzales Olvera and Jorge Gonzalez Olvera and Juan Carlos Velazquez who are citizens of Florida or Texas and are not citizens of Illinois.

2. Defendant Sam's East, Inc. is the retail distributor and seller of the hand sanitizer mentioned in this complaint and is a Delaware Corporation with its principal place of business at 702 SW 8th Street, Bentonville AR 72716, and is not an Illinois citizen.

3. Plaintiff resides and is domiciled in Jersey County, Illinois and is an Illinois citizen. She is the surviving mother of Kayla Stagner who died on 5/30/20. Kayla was not married at the time of death. Her 12-year-old daughter M.S. resides with Plaintiff, her grandmother. Plaintiff, in Counts 1-3, sues on her own behalf and on behalf of M.S. as permited by RSMO §537.080 and 537.095. Kayla's father Jeff Stagner has been notified of this lawsuit.

4. There is diversity of citizenship, and the amount in controversy exceeds the jurisdictional amount, within the meaning of 28 USC §1332.

5. Venue is proper under 28 USC §1391(b)(2) and divisional venue is proper under Local Rule 3-207 in that the claim for relief arose and a substantial part of the events or omissions giving rise to the claim occurred in St. Louis County, where the product was sold to Plaintiff by Defendant Sam's East Inc. doing business as Sam's Club #6474 in Maplewood MO, and where the death mentioned in this complaint occurred. It is also proper under 28 USC §1391 (c)(2) in that Defendants are subject to the Court's personal jurisdiction because of substantial and continuous contacts within this district sufficient to subject it to personal jurisdiction, consisting of product sales and marketing on a significant, continuous, pervasive and substantial scale.

6. Counts 1-3 are brought under the Missouri Wrongful Death Act, RSMO § 537.080 et sec, which applies because Plaintiff's joined Sam's Club and purchased the product in Missouri, and plaintiff's daughter Kayla died in Missouri.

7. The wrongful death action is timely because it is brought within 3 years of the death of Plaintiff's adult daughter, Kayla Lynn Stagner, at St. Clare Hospital in St. Louis County on 5/30/20. RSMo §537.090.

8. Plaintiff's daughter's death on 5/30/20 was determined by the St. Louis County Medical Examiner's office to be due to acute methanol intoxication, which is believed to have occurred when Plaintiff's daughter, who struggled with alcohol addiction, drank several ounces of Blumen Advanced Instant Sanitizer Clear. The hand sanitizer was labeled as containing as its active ingredient 70% v/v [percentage by volume] ethyl alcohol, the type of alcohol used in alcoholic beverages, and which would not have been fatal in the amount that Plaintiff's daughter drank.

9. Testing done in connection with the autopsy on the hand sanitizer remaining in the bottle showed it contained deadly levels of methanol, a solvent and ingredient in antifreeze, which if ingested in sufficient amounts is deadly to most adults. Methanol was not listed on the Blumen Advanced Instant Hand Sanitizer Clear label.

10. In the course of their businesses, Defendants 4e Brands NorthAmerica L.L.C. and Sam's East Inc., dba Sam's Club, marketed, sold and placed into the stream of commerce the Blumen Advanced Instant Hand Sanitizer Clear, 33.8 fl oz, that was ingested by Plaintiff's daughter.

11. At the time of the development, manufacture, marketing, sale, and placement into the stream of commerce, the Blumen Advanced Instant Hand Sanitizer

3

Clear was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use in that it was mislabeled as containing 70% ethyl alcohol as its only active ingredient when in fact it contained deadly levels of methyl alcohol, not mentioned on the label. It was therefore a misbranded, adulterated and contaminated product capable of causing serious injury and death.

12. The hand sanitizer was used by Debra Stagner in a manner reasonably anticipated by Defendants in that Debra Stagner kept the hand sanitizer in her house for protection against Covid 19.  She would not have purchased the product or kept it in her house if she had known it contained deadly amounts of methyl alcohol or was  mislabeled as to its ingredients. Kayla drank the hand sanitizer at Debra's house.

13. Kayla Stagner used the hand sanitizer in a manner reasonably anticipated by Defendants in that there is a decades long history of adolescents and adults drinking hand sanitizer containing ethyl alcohol as a substitute for liquor, without it killing them. There are instructional videos on YouTube going back years on how to get drunk on hand sanitizer.  Further, before Plaintiff's daughter's death on 5/30/20, there were already reports of methanol poisoning from people drinking adulterated and mislabeled hand sanitizer contaminated with methanol.

14. Plaintiff's daughter Kayla Stagner died as a direct result of the defective condition of the Blumen Advanced Instant Hand Sanitizer Clear when the product was designed, manufactured, marketed, sold and/or placed into the stream of commerce by Defendants, in that the hand sanitizer contained a hidden fatal poison which killed Kayla.

15. Plaintiff  Debra Stagner therefor requests such compensatory damages under RS MO §537.090 as the trier of the facts may deem fair and just for Kayla's death,

in excess of $75,000.00, including the pecuniary losses suffered by reason of the death in the loss of Kayla's financial contributions to Kayla's daughter M.S., and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiff and Kayla's minor daughter M.S. have been deprived by reason of Kayla's death. Plaintiff invokes the presumption of RSMo § 537.090 providing that if the deceased was not employed full time and was at least fifty percent responsible for the care of a minor, the value of the care provided is equal to one hundred and ten percent of the state average weekly wage. Plaintiff also seeks an award for such damages as Kayla may have suffered between the time of ingestion on or around 5/29/2020 and the time of death on 5/30/2020.

16. Plaintiff also seeks damages under RSMo §537.090 for the aggravating circumstances attending the death, against any defendant who acted with a deliberate and flagrant disregard for the safety of others in selling the contaminated and mislabeled hand sanitizer, and/or including methanol in the product, or who, before Kayla's death, knew that the product likely contained methanol and could cause serious injury and death, and failed to take timely action to warn consumers or recall the product. If, after discovery, it is shown that before Kayla died on 5/30/20, any Defendant knew or deliberately and flagrant disregarded the safety of others in failing to know the hand sanitizer contained methanol, Plaintiff seeks damages for the aggravating circumstances attending Kyla's death.

**THEREFORE**, Plaintiff Debra Stagner, on her own behalf and on behalf of Kayla's daughter and Plaintiff's granddaughter M.S., prays for a judgment against all Defendants in such amount as is fair and reasonable under the circumstances, in excess of $75,000,

5

in compensatory and aggravating circumstances damages, for pre- and post-judgment interest, and for costs.

## COUNT 2 - STRICT LIABILITY-FAILURE TO WARN/WRONGFUL DEATH

For Plaintiff's individual cause of action, and as Next Friend of the minor M.S., and her behalf, and for Count 2 of this cause of action against Defendants, it is alleged as follows:

1. The allegations of Count I are incorporated by reference.

2. At the time Defendants designed, manufactured, marketed, sold and/or placed into the stream of commerce the Blumen Advanced Instant Hand Sanitizer Clear, it was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics in that it contained an undisclosed fatal poison, methyl alcohol, and was thereby adulterated, misbranded and contaminated, and failed to warn that ingesting methyl alcohol could be fatal.

3. Defendant did not give an adequate warning of this danger.

4. Defendant's failure to give an adequate warning of this danger in the Blumen Advanced Instant Hand Sanitizer Clear caused or contributed to cause the damages set forth in Count I of the petition.

**THEREFORE**, Plaintiff Debra Stagner, on her own behalf and on behalf of Kayla's daughter M.S., prays for a judgment against all Defendants in such amount as is fair and reasonable under the circumstances, in excess of $75,000, in compensatory and aggravating circumstances damages, for pre- and post-judgment interest, and for costs.

## COUNT 3 - PRODUCT LIABILITY-NEGLIGENT  MANUFACTURE, DESIGN, MARKETING AND FAILURE TO WARN/WRONGUL DEATH

For Plaintiff's individual cause of action, and as Next Friend of the minor M.S., and her behalf, and for Count 3 of this cause of action against Defendants, it is alleged as follows:

1. The allegations of Count I are incorporated by reference.

2. Defendant designed, manufactured and marketed the Blumen Advanced Instant Hand Sanitizer Clear, 33.8 fl oz/1 L that killed Kayla Stagner.

3. As manufactured and designed and marketed, the Blumen Advanced Instant Hand Sanitizer Clear, 33.8 fl oz/1 L was mislabeled as containing 70% ethyl alcohol as its only active ingredient when in fact it contained deadly levels of methyl alcohol, not mentioned on the label. It was therefore a misbranded, adulterated and contaminated product capable of causing serious injury and death. Its labeling failed to warn of the presence of methyl alcohol and that ingesting methyl alcohol could be fatal.

4. Defendant failed to use ordinary care to manufacture, design, and market the Blumen Advanced Instant Hand Sanitizer Clear, 33.8 fl oz/1 L in a reasonably safe way so that it would not contain methyl alcohol, would not be falsely labeled as containing only ethyl alcohol as its active ingredient, and would not fail to warn that the product contained methyl alcohol and could cause serious injury and death.

5. Defendants failed to use ordinary care to adequately warn of this risk of harm.

6. Such failures directly caused or directly contributed to cause the damages alleged in Count I.

**THEREFORE**, Plaintiff Debra Stagner, on her behalf and on behalf of Kayla's daughter M.S.,  prays for a judgment against all Defendants in such amount as is fair and

reasonable under the circumstances, in excess of $75,000, in compensatory and aggravating circumstances damages, for pre- and post-judgment interest, and for costs.

### COUNT 4 – MISSOURI MERCHANDISING PRACTICES ACT

For Plaintiff's individual cause of action pursuant to RSMO § 407.020 et seq.  against all Defendants, it is alleged as follows :

1. Plaintiff purchased the hand sanitizer on 5/4/20 at the Sam's Club in Maplewood, St. Louis County, MO, for personal or household use, to protect herself and her household from the Covid virus.

2. In purchasing the product as labeled, Plaintiff acted as a reasonable consumer would in light of all the circumstances.

3. On the date of purchase, 5/4/20, and before, Defendants were in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce within the State of Missouri, including the Blumen Advanced Instant Hand Sanitizer Clear, 33.8 fl oz that Plaintiff purchased on 5/4/20. Defendants' representations as discussed below were in made in connection with the sale or advertisement of merchandise, including the hand sanitizer.

4. On the date of purchase, 5/4/20, by the product's label, Defendants represented to Plaintiff that the product contained  70% ethyl alcohol as its only active ingredient when in fact it contained illegal and  deadly levels of methyl alcohol, not mentioned on the label.

5. On and before the date of purchase, 5/4/20, Defendant Sam's East, Inc, dba Sam's Club,  also represented, through its general advertising and website, that it provided its members "excellent" , and "quality" products, and that Instead of stocking

8

every item in every available brand, Sam's Club merchants did their homework for its members, stocking the right products and purchasing them in large quantities, passing on the savings to members. According to the 7/10/20 recall letter Plaintiff received from Sam's Club  "Our merchants are committed to sourcing the highest quality products for our members. The items we offer are held to strict to quality assurance and regulatory standards…."

6. In fact, however, and as Defendants knew at the time,  Defendant Sam's East Inc. dba Sam's Club had not adequately investigated to determine that the hand sanitizer it sold was of good quality, or excellent, or compliant with quality assurance or regulatory standards, or that in fact its only active ingredient was ethyl alcohol.

7. All Defendants' representation on the label that the product's only active ingredient was ethyl alcohol, and Defendant Sam's East, Inc. , dba Sam's Club's, general representation that the products it sold were  of good quality, excellent, conforming to quality assurance and regulatory standards, and had been carefully chosen by its merchants,  were, therefore, false and were either made knowingly by Defendants or without knowledge as to their truth or falsity and were, therefore, a deception, fraud, false pretense, false promise, or misrepresentation as described at RSMO  §407.020 and was, therefore, a violation of RSMO  §407.020 which prohibits such practices.

8. Pleading alternatively, Defendants representations constituted the omission or suppression of a material fact in violation of the provisions of RSMO § 407.020  in that the product contained undisclosed deadly methyl alcohol and had not been screened for quality or regulatory compliance.

9

9. Defendants' representations and misrepresentations were material to Plaintiff's decision to buy the product and bring it into her home, and would cause a reasonable person to buy and use the product.

10. As a result of Defendants' representations and misrepresentations, Plaintiff suffered an ascertainable loss of money and other personal property and suffered actual damages, which includes compensatory damages, in that the product, as actually composed, was beyond worthless to Plaintiff, was dangerous, and killed Plaintiff's daughter, with whom Plaintiff lived and from who Plaintiff received love and emotional support, and who provided financial contributions to Plaintiff's granddaughter, who lives with Plaintiff.  Plaintiff also suffered emotional distress in knowing that the product she brought into the home poisoned her daughter, and in finding her daughter near death from the product.

11. Defendants' representations were made with a deliberate and flagrant disregard for the safety of others and entitles Plaintiff to the recovery of punitive damages as authorized by statute at RSMO § 407.025.1 and RSMO §510.261.

**THEREFORE**, Plaintiff Debra Stagner, individually, prays for a judgment against all Defendants in such amount as is fair and reasonable under the circumstances, in excess of $75,000, in compensatory and punitive damages, costs, pre- and post-judgment interest, attorney fees as provided for by statute and for such other relief as the Court deems just and reasonable in the circumstances.

### COUNT 5 –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

For Plaintiff's individual cause of action in Count 5 against all Defendants, it is alleged as follows :

1. The allegations of Count 1-3 are incorporated by reference.

2. As a result of Defendants actions as previously alleged, Plaintiff Debra Stagner suffered medically diagnosable and medically significant emotional distress in knowing that the product she brought into the home poisoned her daughter, in finding her daughter near death from the product, and in losing her daughter.

3. Defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress.

   **THEREFORE**, Plaintiff Debra Stagner, individually, prays for a judgment against all Defendants in such amount as is fair and reasonable under the circumstances, in excess of $75,000, in compensatory and punitive damages, costs, pre- and post-judgment interest, attorney fees as provided for by statute and for such other relief as the Court deems just and reasonable in the circumstances.

**COFFEY & NICHOLS, LLC**
**ATTORNEYS AT LAW**

/s/ Mary Coffey_____
MARY COFFEY, #3909 (Mo), E.D. Mo. #2837
GENEVIEVE NICHOLS,#48730 (Mo),
E.D. Mo. #95929
Attorneys for Plaintiff
6200 Columbia Ave.
St. Louis, MO 63139
Phone:  314-647-0033
Fax:       314-647-8231
E mail:   mc@coffeynichols.com
              gn@coffeynichols.com

11